# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Rafad Amjed Abdulqader ALMOOSI,** *Plaintiff*, v. Kenneth S. Madsen, Director, CHICAGO ASYLUM OFFICE; Ted H. Kim, Associate Director, Refugee, Asylum and International Operations, USCIS; Ur Mendoza Jaddou, Director, UNITED STATES CITZENSHIP AND IMMIGRATION SERVICES; Alejandro N. Mayorkas, Secretary, DEPARTMENT OF HOMELAND SECURITY. *Defendants*. | <u>Case No.     1:24-cv-4121</u> Hon. Judge _____ Mag. Judge _____ |

## <u>PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF</u>

Case 1:24-cv-4121

## I. INTRODUCTION

1. This is an action brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*., ("APA") seeking to compel Defendant USCIS to complete the administrative agency process and render a final adjudication of Plaintiff's I-589 Application for Asylum and for Withholding of Removal (hereinafter "I-589" or "asylum application"), initially filed with the Agency on July 6, 2020 – almost four years ago. To date, the Defendants have failed to conduct an interview or adjudicate Plaintiff's I-589 asylum application. Plaintiff seeks to have this honorable Court impose a date-certain deadline for his asylum interview and adjudication of his pending I-589 asylum application and requests issuance of a writ of mandamus and/or an order to compel under the Administrative Procedure Act. Plaintiff fears future persecution in Iraq and deserves a final decision on his asylum application.

## II. PARTIES

2. Plaintiff Mr. Rafad Amjed Abdulqader ALMOOSI (hereinafter "Mr. Rafad ALMOOSI") is a citizen and national of Iraq. Plaintiff lives in Waukegan, Lake County, Illinois.

3. Defendant Kenneth Madsen is Director of the Chicago, Illinois Asylum Office. Among other responsibilities, the Chicago Asylum Office conducts required interviews and adjudicates I-589 asylum applications such as the one filed

2

Case 1:24-cv-4121

by Plaintiff Rafad ALMOOSI on July 6, 2020. Defendant Madsen is sued in his official capacity.

4. Defendant Ted H. Kim is Associate Director for Refugee, Asylum and International Operations (RAIO). Among other responsibilities, the RAIO Asylum Division adjudicates affirmative asylum applications. Defendant Kim oversees all asylum offices, including the Arlington Asylum Office, and requires that some applications be forwarded to headquarters before final adjudication. Defendant Kim is sued in his official capacity.

5. Defendant Ur Mendoza Jaddou is Director of USCIS. In this role, Defendant Jaddou directs the administration of USCIS which oversees the adjudication of immigration benefits and establishes and implements governing policies. Defendant Jaddou is responsible for USCIS' policies, practices, and procedures, which includes the delegated personnel who should *complete* adjudication of Plaintiff's I-589 asylum application. Defendant Jaddou is sued in her official capacity.

6. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security ("DHS"). DHS is the federal agency overseeing many component agencies, including USCIS. As Secretary, Defendant Mayorkas is responsible for the administration and enforcement of the INA and immigration-related laws. Defendant Mayorkas is sued in his official capacity.

3

Case 1:24-cv-4121

7.    Defendant USCIS is a component of the Defendant DHS, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for the adjudication of immigration benefits, including I-589 asylum applications, and it is the agency that has failed to complete the administrative process on Plaintiff's still-pending I-589 asylum application.

### III.    JURISDICTION

8.    This case arises under the Mandamus Act, 28 U.S.C. § 1361, which gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

9.    This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as a civil action raising a federal question arising under the laws of the United States, and 28 U.S.C. § 1651, as this Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions."

10.    Jurisdiction is also conferred by the Administrative Procedures Act, 5 USC §§ 701-708, as Plaintiff is aggrieved by adverse agency action in this case and this court shall "compel agency action unlawfully withheld or unreasonably

delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, the "failure to act." 5 U.S.C. § 551(13).

11. The Court has personal jurisdiction over all Defendants as they can be reached by service of process.

## IV. VENUE

12. Venue in this district is proper under 28 U.S.C. § 1391(e)(1), because this is a civil action in which the Defendants are agencies of the United States and officers of the United States acting in their official capacity, this action is brought in the judicial district in which Plaintiff resides and where the USCIS Chicago Asylum Office is located, and all Defendants can be reached by service of process.

## V. STANDING

13. Plaintiff has constitutional standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992), as individuals who have suffered a concrete injury due to Defendants' failure to act, which injury will be redressed by a favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992). Plaintiff has been and continues to be injured by the ongoing failure of Defendants to timely adjudicate his properly filed I-589 asylum application, pending since July 6, 2020.

## VI. <u>FACTUAL ALLEGATIONS</u>

14. Plaintiff Rafad ALMOOSI was born in 1993 in Iraq. **EXHIBIT A**.

15. Plaintiff Rafad ALMOOSI is married to Ms. Halema Mustafa Ahmad HASAN, a Jordanian citizen. They were married in July of 2017 in Amman, Jordan. **EXHIBIT B**.

16. Plaintiff ALMOOSI and Ms. HASAN's first child, their daughter Haya ALMOOSI, was born in Sharjah, UAE, in June of 2018. **EXHIBIT C**.

17. On March 15, 2020, Plaintiff ALMOOSI was admitted to the United States in B-2 visitor status. **EXHIBIT D**.

18. On July 6, 2020, then represented by previous counsel, Plaintiff ALMOOSI filed Form I-589 Application for Asylum, which was received by Defendant USCIS and assigned Receipt No. ZCH-20-453-90070. **EXHIBIT E**.

19. On July 19, 2020, current asylum counsel Bradley Maze, of Palmer Rey PLLC in Southfield, Michigan, emailed a Form G-28 Appearance of Counsel to Defendant USCIS informing the agency that Mr. ALMOOSI had retained new counsel. On July 20, 2020, the Chicago Asylum Office responded by email acknowledging Attorney Maze's appearance. **EXHIBIT F**.

20. On November 11, 2020, now represented by Attorney Maze, submitted an updated I-589 with approximately 350 pages of supplementary documentation in support of his pending asylum application. **EXHIBIT G**.

Case 1:24-cv-4121

21. On December 10, 2021, Invitae Lab results ordered by the University of Michigan Medical Center indicated that Plaintiff ALMOOSI's three-and-a-half-year-old daughter Haya was potentially positively diagnosed with Batten Disease. This diagnosis was later confirmed and treatment began at Lurie Children's Hospital in Chicago. Batten Disease is an incurable disease requiring extensive medical treatment and maintenance. **EXHIBIT H**.

22. As of July 17, 2023, Plaintiff ALMOOSI's asylum application had been pending for three years without an interview. On that date, Plaintiff ALMOOSI submitted a request to Defendant Chicago Asylum Office to expedite and schedule his asylum interview. Mr. Almoosi and Ms. Hasan submitted a letter explaining their daughter's medical situation and highlighted that one reason for the request to expedite was that Haya had an opportunity to participate in a clinical trial in England. Among the included medical records was a letter from Dr. Emily C. De Los Reyes, Director of the Batten's Disease Center of Excellence at Ohio State University in support of Plaintiff ALMOOSI's daughter's need for critical care, which states that "Haya is currently receiving this life-saving human recombinant enzymes through an intraventricular Rickman port in her brain every two weeks at Lurie Children's hospital. This requires a specialized center for in-hospital infusion. It is my medical [opinion] that Haya needs to say in the United States to continue receiving life-saving treatment and to continue to be enrolled in

7

Case 1:24-cv-4121

our clinical trial. Removing this child from the care of the expert physicians and therapists will be detrimental to her health and perhaps fatal." Excerpts of Plaintiff's *Request to Expedite* are attached as **EXHIBIT I**.

23. On August 4, 2023, Plaintiff received a response from USCIS stating that "Due to expanding caseloads, the USCIS Asylum Division is presently unable to interview most applicants within 45 days of filing." **EXHIBIT J**.

24. In September of 2023, Plaintiff and Ms. HASAN welcomed their second child, Moses ALMOOSI, born in Waukegan, Illinois. **EXHIBIT K**.

25. Plaintiff Rafad ALMOOSI has a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

26. The INA directs the Asylum Division of the USCIS to establish procedures by which an initial interview or hearing on an asylum application ordinarily would be conducted within 45 days after the alien files such an application. 8 U.S.C. § 1158(d)(5)(A)(ii).

27. Defendants have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

28. Defendants have a duty under the APA to make a final decision "within a reasonable amount of time." 5 U.S.C. § 555(b).

Case 1:24-cv-4121

29. As of the date of this filing, the USCIS online case status shows that the I-589 asylum application ZCH-20-453-90070 remains pending and that "Next Step Is an Interview." **EXHIBIT L**.

30. Defendant USCIS publishes "Case Processing Times" page on its website, but there is no information regarding processing times for I-589 asylum applications. **EXHIBIT M**.

31. Defendant USCIS acknowledges the historic delays in processing of pending I-589 asylum applications. Defendant Jaddou said in 2022, "Let me be very clear. Our processing times are too long. There are no ifs, and or buts about it." Director Jaddou also stated in 2021, "I recognize that there is more for USCIS to do. Nowhere is that clearer than when it comes to processing delays and backlogs." **EXHIBIT N**.

32. The asylum application backlog is constantly growing. In fiscal year 2023, Defendant USCIS received over 454,000 asylum applications but completed only approximately 54,000 cases. At the end of September 2023, the total backlog of pending asylum applications had ballooned to 1,020,522. **EXHIBIT O**.

33. Defendant USCIS acknowledges that "a decision should be made on your asylum applications within 180 days after the date you filed your application unless there are exceptional circumstances." **EXHIBIT P**.

34. Plaintiff I-589 asylum application has now been pending for 3 years and 10 months.

35. As of the date of this filing, Plaintiff Rafad ALMOOSI has not received either an interview or a final decision from USCIS. It has been more than 3 years and 10 months since his I-589 was received by USCIS on July 6, 2020.

36. Plaintiff Rafad ALMOOSI has a statutory right to apply for asylum and to be considered for that relief and Defendants have a statutory duty to adjudicate asylum requests within 180 days of filing. However, Defendants have failed to complete adjudication of Plaintiff's properly filed I-589. Without Court intervention, USCIS may never render a final decision on Plaintiff's asylum application.

## VII. IRREPARABLE INJURY

37. The failure of USCIS to *complete* the administrative agency action regarding Plaintiff's I-589 asylum application within a reasonable time, (received by USCIS on July 6, 2020) causes Plaintiff Rafad ALMOOSI to suffer irreparable injury. His family remains in limbo, as his wife and minor daughter are derivative applicants on his I-589. As noted above, Plaintiff ALMOOSI's now six-year-old daughter suffers from a debilitating and potentially terminal illness, for which treatment is available out of the country. Furthermore, Defendants' unreasonable

Case 1:24-cv-4121

delay prejudices Plaintiff's asylum claim itself, as memories fade and corroborating witnesses and documentation become harder to secure.

### VIII. <u>EXHAUSTION</u>

38. Plaintiff Rafad ALMOOSI has exhausted all available administrative remedies that can provide the relief he seeks. There are no further administrative remedies available to Plaintiff.

### IX. <u>FIRST CAUSE OF ACTION – Writ of Mandamus</u>

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 above.

40. District courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.,* 301 F.3d 492, 499 (7th Cir. 2002).

41. In the instant case, Plaintiff has a clear right to the relief requested. Plaintiff Rafad ALMOOSI's I-589 asylum application was received by USCIS on July 6, 2020.

11

Case 1:24-cv-4121

42. Defendants have a clear, ministerial, non-discretionary duty to perform the act in question – which is to <u>complete</u> the administrative agency action on Plaintiff's pending I-589 within a reasonable time within published processing times. This includes both interview and adjudication.

43. Furthermore, <u>provisions 8 U.S.C. § 1571(a), § 1571(b), § 1572, § 1573, and § 1574 make clear Congress's policy that an immigration benefit application should be completed not later than 180 days after the initial filing.</u>

44. Defendants have failed to schedule an interview or issue a decision on Plaintiff's I-589 asylum application.

45. Plaintiff has now awaited completion of the administrative agency process for 3 years and 10 months since the I-589 asylum application was properly and timely filed on July 6, 2020.

46. This delay is far longer than the maximum 180 days allowed by statute. Plaintiff has been prejudiced by this delay.

47. Under the circumstances, it is unreasonable for Defendants to delay completion of the administrative agency process regarding Plaintiff's I-589 asylum application.

48. No other adequate remedy is available. Plaintiff has submitted correspondence attempting to understand and to expedite the continued delay.

Case 1:24-cv-4121

## X. SECOND CAUSE OF ACTION – Administrative Procedures Act

49. Plaintiff re-alleges and incorporates by reference paragraphs 14 through 38 above.

50. The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1), provides the Court with authority to "compel agency action unlawfully withheld or unreasonably delayed." *Khan v. Bitter*, 22 C 6617 (N.D. Ill. Sep. 28, 2023) at 6; *Garcia v. United States Dep't of Homeland Sec.*, 14 F.4th 462, 487 (6th Cir. 2021). As held by the tenth Circuit, "the APA gives rise to a legally enforceable right to the <u>completion</u> of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." *Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), citing *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998) and *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856, 861 (4th Cir.1961) (emphasis added).

51. The APA also provides this Court with the authority to hold unlawful and set aside agency action that, *inter alia,* is found to be: "arbitrary, capricious, and [an] abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part,

13

Case 1:24-cv-4121

"an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13) (emphasis added).

52. Defendants have a duty under the APA to make a final decision "within a reasonable amount of time." 5 U.S.C. § 555(b).

53. To determine whether the agency's delay is unreasonable, this Court must apply the six "TRAC" factors enumerated in *Telecomms Research & Action v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984). *Telukunta v. Mayorkas*, Case No. 21-10372, (ED Mich., June 15, 2021), at 2. "The 'most important' TRAC factor is the first factor." *Id., quoting In re Core Comms., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The first factor requires that "the time agencies take to make decisions must be governed by a 'rule of reason.'" *TRAC*, 750 F.2d at 80. USCIS reviews applications on a first-in, first-out basis. It strains credibility and reason to think there are still applications pending without interview or final resolution that were filed prior to Plaintiff's filing date of July 6, 2020 – almost four years ago. This most-important factor favors Plaintiff. "The third and fifth TRAC factors address the delay's effect on the visa applicant. Under the third factor the Court must consider that 'delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.'" *Telukunta*, No-21-10372, at 3, quoting *TRAC*, 750 F.2d at 80.

Case 1:24-cv-4121

54. Defendants have unreasonably delayed completion of the administrative agency process regarding Plaintiff's I-589 asylum application. Again, it has been 3 years and 10 months – over 1400 days – since the I-589 asylum application was properly filed on July 6, 2020. In fact, Defendants failure to take any action on Plaintiff's pending asylum application for almost four years is unreasonable when considering that the agency's own guidelines require the process to be completed within 180 days.

55. Plaintiff has now awaited completion of the administrative agency process for 3 years and 10 months since the I-589 asylum application was properly and timely filed on July 6, 2020.

56. Defendants' "failure to act" on Plaintiff's properly filed I-589 asylum application is arbitrary, capricious, and not in accordance with the law, regulations, or USCIS policy. 5 U.S.C. § 551(13).

57. Plaintiff has exhausted his administrative remedies. No other remedy exists in the face of the Defendants' continued and unexplained withholding of required action on the I-589 asylum application properly filed by Plaintiff Rafad ALMOOSI.

58. Plaintiff respectfully requests that this Honorable Court "compel agency action unlawfully withheld or unreasonably delayed" pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1).

Case 1:24-cv-4121

## XI. CLAIM FOR EQUAL ACCESS TO JUSTICE ACT (EAJA) FEES

59. Plaintiff re-alleges and incorporates by reference paragraphs 14 through 38 above.

60. Defendants' failure to complete the administrative agency action and render a final decision within a reasonable amount of time is substantially unjustified and Plaintiff is entitled to reasonable attorney's fees under EAJA.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this action; and

2. Compel Defendants to <u>complete</u> all agency action, schedule an asylum interview, and render a <u>FINAL</u> adjudication of Plaintiff's I-589 asylum application by a date certain; and

3. Award Plaintiff reasonable costs and fees under EAJA; and

4. Award such other relief as the Court deems necessary or proper.

Respectfully submitted this 17th day of May, 2024.

/s/ *Glenn Eric Sproull*

GLENN ERIC SPROULL (IL 6276310)
Palmer Rey PLLC
29566 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 522-9500
eric@palmerrey.com

16

Case 1:24-cv-4121

17